### No. 11,305.

### DRIGGERS *v.* THE PEOPLE.

Decided February 1, 1926.

Plaintiff in error was convicted of failure to support his minor daughter.

### *Affirmed.*

1. APPEAL AND ERROR—*Non-support—Sufficiency of Evidence.* In a prosecution of a father for failure to support his minor daughter, evidence reviewed, and the contention of defendant that it was insufficient to sustain a verdict against him, because it did not establish that he was the child's father, overruled.

*Error to the Juvenile Court of the City and County of Denver, Hon. George M. Garard, Judge.*

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was convicted in the Denver juvenile court of failure to support his minor daughter, then about fifteen months old, and brings error.

His proposition here is that the evidence is insufficient to support the verdict.

The facts shown are that plaintiff in error married Ina M. Driggers April 11, 1923. Shortly afterwards she stated that she was pregnant and a quarrel ensued, he apparently believing her pregnancy was caused before their marriage by some man unknown. About three weeks after the marriage he brought suit for divorce. She was called to the office of his attorney and there summons was served upon her and she signed an agreement by which, in consideration of certain financial settlement, she renounced any claim upon him on account of her supposed pregnancy, of which the agreement recites she is not yet certain, and "forever releases him from responsibility or that he was the cause of said pretended pregnancy." She thereupon went to California at his expense and July 20 a decree was rendered which recites that no children were born of the marriage. In September she returned to Colorado, where she remained without any communication with him, till January 8, 1924, when, without any notice to him, the daughter in question was born. Fifteen months later she instituted this criminal proceeding to punish him for nonsupport of the child.

It is claimed that her own testimony shows that her menstrual periods immediately before marriage were such as to show that she was then pregnant. The testimony does suggest the likelihood of such a situation, but she does not positively state the times, and such matters vary considerably at times even with women ordinarily regular, so no infallible inference can be drawn from what she said on the stand; we are therefore not justified in disturbing the verdict on that ground.

It is claimed that the period from the marriage, April 11th, to the birth, January 8th, was too short. It is common knowledge, however, that gestation varies greatly in

time (Bouvier L. D., Rawles Revision, Tit. Gestation) ; it does not necessarily follow, therefore, from such variation that the verdict was wrong.

There is some argument that the divorce decree reciting no children was res adjudicata. In his reply brief, however, plaintiff in error repudiates that claim, but urges that since she signed the agreement and permitted the decree, Mrs. Driggers thereby solemnly admitted that her husband was not the father of her unborn child and that her subsequent testimony to the contrary is thus discredited beyond credence. The conclusion does not necessarily follow. The jury found that she told the truth at the trial and, indeed, she is not shown to have ever categorically stated or admitted the contrary.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.